### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARK J. STEPHENS,<br><br>    Defendant. | Criminal Action No. 17-243 (BAH)<br><br>Chief Judge Beryl A. Howell |

### MEMORANDUM AND ORDER

Defendant Mark J. Stephens has filed *pro se* two closely related motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Def's Letter Requesting Compassionate Release ("Def.'s Letter"), ECF No. 22; Def.'s Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) ("Def.'s Form Mot."), ECF No. 23. Defendant is a 29-year-old inmate at the Loretto Federal Correctional Institution ("FCI") and has served less than half of his sentence for his conviction for unlawful possession with the intent to distribute cocaine in the District of Columbia, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Gov't's Opp'n to Def.'s Mot. for Sentence Reduction and Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Gov't's Opp'n") at 1, ECF No. 25; Def.'s Form Mot. at 2. Defendant seeks reduction of his sentence and compassionate release based his diagnosis with a chronic medical condition (sarcoidosis), the conditions of his confinement at Loretto FCI, and the COVID-19 pandemic. Def.'s Letter at 1. Defendant further requests compassionate release to take care of his 60-year-old mother and 59-year-old father, as well as to help raise his 3-year-old son. *Id.*

## I.    APPLICABLE LEGAL STANDARDS

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed;' but the rule of finality is subject to a few narrow exceptions."

*Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)).  As

originally enacted, one such exception, codified in 18 U.S.C. § 3582(c)(1)(A), empowered the

BOP Director to "petition the court for a reduction in sentence . . ." and gave courts the authority

to grant those petitions if,  "after considering the factors set forth in section 3553(a) to the extent

that they are applicable," *id.*, they found "that the reduction was justified by 'extraordinary and

compelling reasons.'"  S. Rep. 98-223, at 118; *see also* Pub. L. No. 98-473, Title II, § 212(a)(2).

The First Step Act of 2018, Pub. L. No. 115-391, expanded the exception in section

3582(c)(1)(A) to authorize a defendant directly to file a motion for such compassionate release

with the court after exhausting any "administrative rights to appeal a failure of the Bureau of

Prisons to bring a [compassionate release] motion" on his behalf or he waits at least "30 days"

after he delivers his request for compassionate release to "the warden of [his] facility."  18

U.S.C. § 3582(c)(1)(A).

　　In resolving motions for compassionate release, the court may only reduce a term of

imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that

they are applicable," *id.*, and upon making two findings: first, that "extraordinary and compelling

reasons warrant such a reduction," *id.* § 3582(c)(1)(A)(i);[1] and, second, "that such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission," *id.*

§ 3582(c)(1)(A).[2]

---

[1]　Though not relevant to the instant motion, the court may also reduce a prisoner's sentence if he is "at least 70 years of age" and has served at least 30 years in prison, when BOP has determined "that the defendant is not a danger to the safety of any other person or the community, as provided under [18 U.S.C. §] 3142(g)."  18 U.S.C. § 3582(c)(1)(A)(ii).

[2]　The Sentencing Commission is tasked, in its organic statute, with promulgating general policy statements regarding "the sentence modification provisions set forth in section [] . . . 3582(c) of title 18," 28 U.S.C. § 994(a)(2) and "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples," *id.* § 994(t).

The Sentencing Commission's policy statement at U.S.S.G. § 1B1.13, which was last substantively amended by the Commission on November 1, 2016, applies to motions for reduction of terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A), and provides guidance on both of the statutorily required findings.[3]   It states that a reduction of a term of imprisonment may be warranted, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," when the court makes three determinations: (1) "extraordinary and compelling reasons warrant the reduction," or the defendant meets certain age and a minimum incarceration period, U.S.S.G. § 1B1.13(1)(A)–(B); (2) the defendant poses no danger to the safety of any other person or the community, *id.* § 1B1.13(2); and (3) "the reduction is consistent with [the] policy statement," *id.* § 1B1.13(3).   The commentary to this policy statement describes four "circumstances" that satisfy "extraordinary and compelling reasons warrant[ing] the reduction," including "[o]ther [r]easons" found by the BOP Director to present an extraordinary and compelling reason "other than, or in combination with," the reasons specified in the policy statement, *id.* § 1B1.13, cmt. n.1(D).[4]   This Court has recognized elsewhere that the current global pandemic may, in some circumstances, "present[] such an 'other reason.'"   *United States*

---

[3]     U.S.S.G. § 1B1.13 has not been updated since the enactment of the First Step Act, due to the lack of a voting quorum on the U.S. Sentencing Commission.  *See* U.S. Sent'g Comm'n, Annual Report, at 3 (2019), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/ annual-reports-and-sourcebooks/2019/2019-Annual-Report.pdf.  Consequently, this policy statement is framed to provide guidance in resolving a "motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A)." U.S.S.G. § 1B1.13.  Nonetheless, this policy statement provides guidance in resolving compassionate release motions filed directly by defendants and must be considered to ensure any reduction is at least "consistent with" this applicable policy statement.  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Tobias*, Crim. Action No. 19-143 (BAH), 2020 WL 4673414, at *4 (D.D.C. Aug. 12, 2020).

[4]     The other three "extraordinary and compelling" circumstances described in the commentary to U.S.S.G. § 1B1.13 are not invoked and have no relevance here.  *See* U.S.S.G. § 1B1.13 cmt. n.1(A)-(C) (describing defendant, who "is suffering from a terminal illness" or has chronic and "substantially diminish[ed] . . . ability . . . to provide self-care" within the prison environment; who is at least 65 years old, with a serious deterioration in physical or mental health, after serving at least 10 years or 75 percent of the prison term, "whichever is less;" or for whom "[f]amily [c]ircumstances" involve "[t]he death or incapacitation of a caregiver of the defendant's minor child or minor children" or the incapacitation of the defendant's spouse or registered partner "when the defendant would be the only available caregiver for the spouse or registered partner").

*v. Tobias*, Crim. Action No. 19-143 (BAH), 2020 WL 4673414, *4 (D.D.C. Aug. 12, 2020)

(alteration in original) (quoting *United States v. Morris*, Crim. Action No. 12-154 (BAH), 2020

WL 2735651, *7 (D.D.C. May 24, 2020)).

## II.   DISCUSSION

Defendant has exhausted his administrative remedies.  Def.'s Letter at 2; Gov't's Opp'n

at 11.  He has not, however, demonstrated "extraordinary and compelling reasons" for a sentence

reduction, as required by 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.  First, defendant's

desire to help his aging parents and care for his son, while admirable, do not constitute

extraordinary and compelling reasons for compassionate release. *United States v. Goldberg*,

Criminal Action No. 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020).  Second,

the general threat posed by COVID-19, while gravely serious for inmates often housed in

conditions tragically conducive to the spread of COVID-19, does not in and of itself pose an

extraordinary and compelling reason for compassionate release.  *See, e.g., United States v. Raia*,

954 F.3d 594, 597 (3d Cir. 2020).

This leaves defendant's sarcoidosis diagnosis, viewed in the broader context of the

COVID-19 pandemic.  "Sarcoidosis is a disease characterized by the growth of tiny collections

of inflammatory cells (granulomas) in any part of [the] body—most commonly the lungs and

lymph nodes." *Sarcoidosis*, MAYO CLINIC, http://www.mayoclinic.org/diseases-

conditions/sarcoidosis/symptoms-causes/syc-20350358 (last visited Feb. 19, 2021).  Defendant

argues that the disorder "has no cure" and "can cause serious damage to major organs" if not

properly treated.  Def.'s Letter at 1; *see also* Def.'s Form Mot. at 5.  Defendant further claims

that he "can't get the treatment needed to maintain, control, or help th[e] disorder."  Def.'s Letter

at 1.  Defendant does not describe the details of his illness or how it affects his health.  He does

not indicate how severe it is, what his treatment entails, or whether it affects his lungs, which would be relevant in determining the risk COVID-19 presents to his health.

The government suggests that defendant's illness is relatively mild and that he is, generally, a quite healthy 29-year-old.  The government indicates that he is "classified by the BOP as Care Level 1 ('healthy simple chronic care'), and appears to be in relatively good health with no work restrictions."  Gov't's Opp'n at 12.  The government further argues that since current guidance from the Centers for Disease Control and Prevention (CDC) do not include sarcoidosis on the lists of conditions associated with increased risk of severe illness, or with a possible risk of severe illness, his diagnosis does not present an extraordinary and compelling reason for compassionate release.  *See COVID-19: People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 19, 2021).

At least one district court has held, and this Court agrees, that a sarcoidosis diagnosis does not present an "extraordinary and compelling reason[]" for release without other significant risk factors or extenuating circumstances.  *See United States v. Moses*, No. 3:01-cr-151-MOC-DCK-1, 2020 WL 6275010, at *3 (W.D.N.C. Oct. 26, 2020) (holding that defendant with sarcoidosis but no sign of lung impairment had not shown an extraordinary and compelling reasons for release).  Defendant has presented no evidence that sarcoidosis leads to greater susceptibility to COVID-19 nor any reason to believe that an individual with sarcoidosis but no significant lung involvement would be at particularly high risk from COVID-19.  In cases of sarcoidosis with lung involvement and pulmonary symptoms, however, courts have found that the heightened risk posed by COVID-19 can constitute an extraordinary and compelling reason for release.  *See United States v. Collins*, No. 10-cr-963-1, 2020 WL 3892985, at *3–4 (N.D. Ill.

5

July 10, 2020) (holding that a sarcoidosis diagnosis *with lung involvement* constitutes an extraordinary and compelling reason for compassionate release in conjunction with the COVID-19 crisis (emphasis added)); *United States v. Fields*, No. 2:05-cr-20014-02, 2020 WL 3129056, at *3–4 (W.D. La. June 11, 2020) (same).

The government's reliance on the CDC guidance is not compelling—an illness that causes significant lung impairment could, as other courts have held, put a defendant at heightened risk from COVID-19 and present an extraordinary and compelling reason for compassionate release.  It is also worrying that 700 inmates at Loretto FCI have been infected with COVID-19.  *COVID-19 Cases*, FEDERAL BUREAU OF PRISONS, http://www.bop.gov/coronavirus/ (last visited Feb. 19, 2021).

Defendant, however, has not presented any evidence, or even argued, that his condition has adversely affected his lung function in a way that would put him at significantly heightened risk from COVID-19.  He does not describe his symptoms or the nature of his illness.  He states that sarcoidosis *can* affect the lungs and suggests that he is not receiving "proper treatment," but presents no evidence that his lungs have been affected or that his treatment is inadequate.  Def.'s Form Mot. at 5.  The government, on the other hand, indicates that defendant's sarcoidosis is "cutaneous" and involves only "skin scarring."  Gov't Opp'n at 14.  The government further asserts that defendant has been prescribed a topical steroid ointment to treat his sarcoidosis.  *Id.*

Given the absence of evidence regarding the severity of defendant's illness and the risk it poses, defendant has not demonstrated that extraordinary and compelling reasons exist for the requested sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[5]

---

[5]    The government also contends that the factors laid out in 18 U.S.C. § 3553(a) counsel against early release and that defendant still presents a danger to the community as defined in 18 U.S.C. § 3142(g), Gov't Opp'n at 14–16, but neither argument need be addressed in light of the conclusion that defendant has failed to present "extraordinary and compelling reasons warrant[ing] . . . a reduction" in his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).

Accordingly, it is hereby

**ORDERED** that defendant's Motions for Compassionate Release are **DENIED.**

**SO ORDERED.**


Date: February 19, 2021

                                         _____

                                         BERYL A. HOWELL

                                         Chief Judge